

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| JAY BURNETT, | ) | Docket No. 2017-08-0409 |
| Employee, | ) | |
| v. | ) | |
| | ) | |
| BUILDERS TRANSPORTATION, | ) | State File No. 14753-2017 |
| Employer, | ) | |
| And | ) | |
| | ) | |
| KEY RISK, | ) | Judge Deana Seymour |
| Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

This case came before the undersigned Workers' Compensation Judge on September 20, 2017, for an Expedited Hearing. The present focus of this case is whether Mr. Burnett is entitled to medical and temporary disability benefits for his workplace injury. The central issue is whether Builders is likely to establish at a hearing on the merits that Mr. Burnett's willful misconduct or willful violation of a safety rule bars his claim. For the reasons set forth below, the Court holds Builders is unlikely to meet this burden and Mr. Burnett is entitled to medical benefits. However, he is not entitled to temporary disability benefits at this time.

### History of Claim

Jay Burnett worked for Builders Transportation as an over-the-road truck driver. The parties agreed that on February 27, 2017, a load of steel pipes rolled from his flatbed trailer and crushed him. An ambulance transported Mr. Burnett to the hospital, where he received inpatient care until April 20, 2017.[1]

---

[1] Mr. Burnett was present at the hearing and relied on his affidavit and his signed statement instead of testifying. The parties stipulated to the admissibility of those documents.

1

Mr. Burnett explained the accident through his affidavit and statement he introduced into evidence at the hearing. He recounted that he picked up the flatbed trailer loaded with steel pipes in Arkansas the day before the accident. Mr. Burnett inspected the trailer and the load. He used additional straps and four pipe stakes to secure the load before he left the yard. Mr. Burnett stopped overnight at a truck stop and drove to the facility the next morning to deliver the pipes. He heard something move or break as he began to loosen the wenches and straps around the pipes. The pipes then fell off the trailer and hit him.

After its investigation, Builders denied Mr. Burnett's claim on the basis that he willfully violated a safety rule when he failed to use pipe stakes to secure the pipes on his flatbed trailer. It argued the violation barred his entitlement to workers' compensation benefits. Mr. Burnett denied he violated a safety rule and asserted that he used pipe stakes to secure his load.

Builders presented testimony from its training supervisor, Robert Hall, and its safety and risk director, A.J. Sellers. Neither man witnessed the accident.

Mr. Hall testified that he worked as training supervisor for Builders since 2010. Although he did not recall specifically training Mr. Burnett, he testified that Builders taught all of its drivers the company's policies and procedures and gave each a book containing the federal regulations applicable to truck drivers. He introduced documents Mr. Burnett signed, which verified his knowledge of Builders' policies and procedures. Mr. Hall explained Builders' securement policy and presented the "Bundled Pipe Load Securement" section of the policy manual, which required its drivers to use pipe stakes when transporting pipe. He testified that pipe stakes keep the pipes in place so that they do not shift, roll or fall. Mr. Hall did not recall any policy violations or disciplinary actions against Mr. Burnett.

Mr. Sellers testified that the morning after the accident, he went to the facility where the accident occurred. The truck Mr. Burnett drove was not at the accident scene, and the load of pipes was not on the trailer. Builders moved the truck and trailer to Builder's yard where Mr. Sellers inspected them. He testified that the trailer was in good condition. The pipe stakes were stored on the truck and undamaged. Mr. Sellers testified that he did not think anyone recently used the pipe stakes. During his investigation, Mr. Sellers did not talk with Mr. Burnett. However, he spoke with the facility personnel, who were vague and uninformative regarding the incident.

Mr. Sellers also explained the importance of using pipe stakes correctly to ensure the pipes did not shift and fall from the trailer. He recalled investigating accidents where drivers failed to properly secure their loads with pipe stakes. He testified that Builders disciplined those drivers for their violations. Mr. Sellers also recalled no violations or disciplinary actions taken against Mr. Burnett. He identified photographs of a tractor-trailer truck with pipe that had slid off the flatbed trailer. Mr. Sellers did not take the photographs nor was he present when they were taken. He testified that Mr. Alford at the

2

Alabama facility sent photographs to him.[2] Mr. Sellers confirmed that the First Report of Injury noted Builders provided the safety equipment used in this matter. Mr. Sellers testified that he directed completion of the First Report. Builders denied Mr. Burnett's claim for workers' compensation benefits, alleging that Mr. Burnett violated its safety rule by failing to use pipe stakes.

## Findings of Fact and Conclusions of Law

### Standard applied

Mr. Burnett bears the initial burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). Here the parties stipulated that this injury occurred at work.

Builders bears the burden of proof on the essential elements of its affirmative defense. It must present sufficient evidence from which this Court might determine it is likely to prevail on its defense at a hearing on the merits.

### The Defense

The Court turns first to Builders' contention that Mr. Burnett's willful violation of a safety rule—failure to use pipe stakes—barred his recovery. Builders pointed to Tennessee Code Annotated section 50-6-110(a)(4), which provides that no compensation shall be allowed for an injury due to an employee's "willful failure or refusal to use a safety device." After careful consideration, the Court holds Builders is unlikely to meet its burden of establishing all elements of this defense at a hearing on the merits.

The controlling case for this defense is *Mitchell v. Fayetteville Pub. Utils.*, 368 S.W.3d 442 (Tenn. 2012).[3] The Supreme Court in *Mitchell* held that in order to successfully defend a workers' compensation claim on the basis of willful misconduct, willful disobedience of safety rules, or willful failure to use a safety device, the employer must prove: (1) the employee's actual, as opposed to constructive notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Id.* at 453.

Here, the proof shows that Builders trained Mr. Burnett in all areas of its policies and procedures, which included load securement for transporting and unloading pipes. Builders provided him with manuals containing rules and regulations related to over-the-road truck drivers. Mr. Burnett verified receipt of this training and the manuals by signing

---

[2] Builders did not submit an affidavit of Mr. Alford nor did it call him to testify at the hearing.

[3] The Appeals Board cited *Mitchell v. Fayetteville Pub. Utils.* as applicable to cases under the Reform Act of 2013 in *Gonzales v. ABC Prof'l Tree Servs.*, 2014 TN Wrk. Comp. App. Bd. LEXIS 2 (Nov. 20, 2014).

the documents to which the parties stipulated. Thus, Builders proved actual notice of the safety rule in question.

As to the second element of this defense, Mr. Burnett confirmed in his statement, stipulated to by the parties, that he inspected his load before latching the trailer and observed it was secured with four straps. After latching the trailer, he added more straps and four pipe stakes to secure the load. Mr. Burnett showed he appreciated the importance of the pipe stakes and understood the danger involved if he did not use them. Although he understood the danger if he had violated the rule, Builders did not prove that he had.

Considering the third factor, bona fide enforcement of the rule, *Mitchell* does not appear to require perfection. The mere fact that employees sometimes ignore or break rules does not mandate a finding that an employer failed to enforce those rules. Instead the inquiry appears to be, at least in part, whether employees are aware of the prohibition and that violation could result in discipline. *See Carten ex rel. Carten v. MBI*, No. W2012-01507-SC-WCM-WC, 2013 Tenn. LEXIS 890, at *15 (Tenn. Workers' Comp. Panel Nov. 14, 2013). Applying this somewhat more flexible standard, it appears Builders made genuine efforts to instill safe practices in its employees by training and providing them literature regarding load securement. The Court notes, however, that Mr. Hall and Mr. Sellers did not recall ever disciplining Mr. Burnett for violation of its policies.

The Court now looks to *Roper v. Allegis Grp.*, 2017 Wrk. Comp. App. Bd. LEXIS 14 (Feb. 10, 2017), for an instructive analysis of the fourth element of this defense. There, the Appeals Board rejected the employer's argument that an employee who lacked a valid excuse for not following a safety rule acted willfully. The Board stated this argument was "an overbroad interpretation of *Mitchell* that, if accepted, would allow employers to deny benefits to employees whose mere negligent or reckless actions resulted in a violation of a known safety rule." *Id.* at *11. Instead, the Board noted it is a conscious action of an employee to violate a rule that constitutes "willfulness," as opposed to an employee's negligence or recklessness. The Board observed that it is "longstanding precedent" in Tennessee that "an employee's negligent or reckless actions generally are not enough to defeat a claim for workers' compensation benefits." *Id.* Here, Builders failed to present evidence to overcome Mr. Burnett's assertion that he used the pipe stakes. Therefore, Builders did not present sufficient evidence from which this Court might determine it is likely to prevail on this element at a hearing on the merits.

When applying these concepts to Mr. Burnett's case, the Court finds he did not "willfully" violate a safety rule or commit "willful" misconduct. In the present case, the evidence is simply insufficient to show that Mr. Burnett intentionally violated a safety rule.

For these reasons, the Court rejects Builders' defense and holds Mr. Burnett has shown he is likely to prevail at a hearing on the merits regarding his claim for benefits.

*Medical Benefits*

Having found Mr. Burnett is likely to prevail at a hearing on the merits, the Court holds he is entitled to the requested medical benefits. Therefore, Builders "shall furnish [Mr. Burnett] . . . such medical and surgical treatment . . . made reasonably necessary by [his] accident [.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016). In this case, Builders shall furnish Mr. Burnett a panel of physicians competent to treat his injuries related to his claim.

*Temporary Disability Benefits*

To establish entitlement to temporary disability benefits, Mr. Burnett must show he (1) became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the duration of his period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Mr. Burnett did not provide medical proof that he was temporarily disabled due to a work-related injury so the Court denies his request for temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Builders shall provide Mr. Burnett with a panel of physicians and medical treatment pursuant to Tennessee Code Annotated section 50-6-204.

2. Mr. Burnett's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling (Status) Hearing on **October 30**, at **10:30 a.m. Central time. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED** the 11th day of October, 2017.

JUDGE DEANA C. SEYMOUR
Court of Workers' Compensation Claims

## APPENDIX

Exhibits:
1. Form C-20 Employer's First Report of Work Injury
2. Signed certification form documenting the completion of training
3. Signed certification form documenting receipt of BTC's safety policies and procedures for drivers
4. Signed certification form documenting receipt of BTC's maintenance policies and procedures for drivers
5. Signed certification form documenting receipt of Federal Regulations
6. Page 30 of BTC's Securement Manual 2016
7. Equipment Inventory Sheet dated August 11, 2016
8. Signed statement of Mr. Burnett dated May 23, 2017
9. Physical results dated July 26, 2016
10. Photographs of alleged accident scene (Collective)
11. Affidavit of Jay Burnett

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
    2a. Employee's Additional Issues for Inclusion in Dispute Certification Notice
3. Request for Expedited Hearing and attached affidavit
4. Employer/Carrier Pre-Hearing Statement
5. Employer/Carrier Witness and Exhibit Lists
6. Notice of Filing Wage Statement
7. Employer/Carrier Amended Witness and Exhibit Lists

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods on the 11th day of October 2017.

| Name | Via Fax | Via Email | Service sent to: |
|------|---------|-----------|------------------|
| Shannon Toon, Employee's Attorney | | X | stoon@taylortoon.com |
| Michael Jones, Employer's Attorney | | X | mjones@wimberlylawson.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7